UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDERICK GROSS,

                              Plaintiff,

            -against-

INTRATEK COMPUTER INC., NORTHPORT VA
MEDICAL CENTER, ROBERT ZISKIN, in his official
capacity;

                              Defendants.
------------------------------------------------------------------X

**ORDER**
22-CV-7440(GRB)(AYS)

FILED
CLERK
1:22 pm, Jan 10, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

Before the Court is the renewed application to proceed *in forma pauperis* filed by Frederick Gross ("Plaintiff"), acting *pro se*. *See* Docket Entry ("DE") 7. For the reasons that follow, Plaintiff's renewed application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

**1. Summary of the Complaint**

Plaintiff's complaint seeks to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and is brought against Intratek Computer, Inc. ("Intratek"), the Northport VA Medical Center ("Northport VA"), and Robert Ziskin in his official capacity as an Area Manager of the Northport VA ("Ziskin" and collectively, "Defendants"). Compl., DE 1, ¶¶ 2-4. Plaintiff seeks relief for the alleged violation of New York Labor Law § 190. *Id.* ¶ 1. Plaintiff alleges that he is a domiciliary of New York, residing in Freeport, New York. *Id.* ¶ 6. Intratek is alleged to be incorporated under the laws of California and has its principal place of business in California. *Id.* ¶ 10. The Northport VA is alleged to do business in Northport, New York

and Ziskin is alleged to work at the Northport VA. Plaintiff alleges that the amount in controversy exceeds $75,000. *Id*. ¶ 2.

Plaintiff alleges that he was entered into an employment contract with the Defendants in July 2020 wherein he was hired as an IT Specialist through September 22, 2023 with the possibility of an extension through September 2024. *Id*. ¶ 15-16. Plaintiff alleges that he was working at the Northport VA until January 8, 2022 when he received an e-mail from a human resources representative at Intratek stating that he was being terminated. *Id*. at 18. Plaintiff alleges that he was an employee within the meaning of NY Labor Law §190(2), that the Defendants are employers within the meaning of NY Labor Law § 190(3), and that the employment agreement meets the Labor Law's definition of a contract. *Id*. ¶¶ 7, 9, 11, 13, and 20. Plaintiff alleges three causes of action: (1) breach of contract; (2) quantum meruit; and (3) willful failure to pay wages pursuant to NY Labor Law § 190 *et seq*. for which he seeks to recover his contracted rate of pay of $69,680 per year in addition to interest and penalties. *Id*. ¶¶ 34, 40-53.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

I.   *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the renewed application to proceed IFP (DE 7) is granted.

II.   **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).
>
> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the

3

grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

### III. Subject Matter Jurisdiction

Federal subject matter jurisdiction is limited and available only when: (1) a "federal question" is presented, 28 U.S.C. § 1331; or (2) the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). It is long established that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). A court must dismiss the case where subject matter jurisdiction is lacking. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

### DISCUSSION

Here, Plaintiff alleges that this Court's diversity jurisdiction is invoked. *See* Compl. ¶¶ 2-3. In order to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff bears the burden of showing that there is complete diversity of citizenship between the plaintiff and the defendants. *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2d Cir. 2011) ("The burden of demonstrating subject matter jurisdiction lies with the party asserting it . . . .") (internal quotation marks and citation omitted); *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157,

4

160 (2d Cir.1998) (It is well-settled that "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.") (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Omoniyi v. Dep't of Homeland Sec.*, No. 10 CIV. 1344(DF), 2012 WL 892197, at *5 (S.D.N.Y. Mar. 13, 2012) ("Even a *pro se* plaintiff, however, will bear the burden of proving that subject-matter jurisdiction exists.") (citing *Makarova* v. *U.S.*, 201 F.3d 110, 113 (2d Cir. 2000)).

Here, as is readily apparent, the parties are not completely diverse. Given that Plaintiff, the Northport VA, and Ziskin are all alleged to be domiciled in New York, the diversity requirement is not met. *See* Compl., ¶¶ 6, 8, 12; *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (for diversity jurisdiction purposes, an individual is considered a citizen of the state of domicile, which is the state where "a person has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." (internal quotation marks and citation omitted). While an individual "has but one domicile" *id.*, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1). Thus, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

In an abundance of caution and in light of Plaintiff's *pro se* status, the Court also considers whether the complaint raises a federal question such that subject matter may properly be invoked pursuant to 28 U.S.C. § 1331. However, Plaintiff raises exclusively state law claims for breach of contract, quantum meruit, and for violation of N.Y. Labor Labor Law § 190. In the absence of a claim "arising under the Constitution, laws, or treaties of the United States",

5

subject matter jurisdiction does not lie in this Court.[1]  *See* 28 U.S.C. § 1331.  Accordingly, the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## IV. Leave to Amend

The Second Circuit has held that "[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile." *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Where a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate. *Rahim v. Secretary, Establishment Div., Gov't of People's Republic of Bangl.*, 481 F. App'x 18, 19 (2d Cir. 2012) (affirming district court's dismissal of *pro se* plaintiff's complaint without leave to amend where complaint was dismissed for lack of subject matter jurisdiction).

Here, leave to amend would be futile given that there is no basis to invoke this Court's subject matter jurisdiction. Accordingly, leave to amend the complaint is denied.

## CONCLUSION

Based on the foregoing, plaintiff's renewed application to proceed IFP is granted. The complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). Leave to further amend the complaint is denied.

---

[1] Insofar as Plaintiff's claims arise under the Contract Disputes Act, 28 U.S.C. § 1346(a)(2) ("CDA"), "the CDA gives exclusive jurisdiction to the Court of Federal Claims over contract disputes with the federal government in excess of $10,000. *Merritt v. United States*, No. 5:18-CV-200, 2020 WL 13336987, at *2 (D. Vt. July 14, 2020). Indeed, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dept. of the Army v. Blue Fox*, 525 U.S. 255, 260 (1999) (internal quotation marks and citation omitted). Plaintiff's failure to show that his lawsuit invokes one of the areas where Congress has waived sovereign immunity precludes his action against the United States in this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail this Order to the Plaintiff at his address of record and note such mailing on the docket.

**SO ORDERED**.

/s/ Gary R. Brown

Dated:   January 10, 2023   **Hon. Gary R. Brown**
        Central Islip, New York   **United States District Judge**